IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

DANIELLE DEVONA JONES

    Petitioner,

v.                                    Case No. 4:23cv365/AW/MAL

WARDEN GABBY

    Respondent.
_____/

## REPORT AND RECOMMENDATION

Petitioner's petition for writ of habeas corpus under 28 U.S.C. § 2241 was transferred to this Court on August 17, 2023. ECF No. 16. On August 23, 2023, the court denied Petitioner's motion for leave to proceed *in forma pauperis*[1] and directed Petitioner to pay the $5.00 filing fee by September 25, 2023. ECF No. 19. Petitioner was warned that failure to timely comply with an order of the court would result in a recommendation that this case be dismissed. Notwithstanding this admonition, the deadline elapsed without a response from Petitioner.

On September 28, 2023, the court directed Petitioner to show cause why the case should not be dismissed for Petitioner's failure to comply with a court order. ECF No. 20. The order provided that the show cause order would be discharged if

---

[1] The court noted Petitioner's application to proceed in forma pauperis reflected an account balance of $111.90 and deposits totaling $1076.88 over the previous six months. ECF No. 19 at 1-2.

Petitioner complied with the August 23, 2023 order by October 12, 2023. Petitioner was again warned that failure to comply would result in a recommendation of dismissal of this case. Notwithstanding this admonition, Petitioner still has not responded.

A trial court has inherent power to dismiss a case sua sponte for failure to prosecute. *Link v. Wabash R.R.*, 370 U.S. 626 (1962). Federal Rule of Civil Procedure 41(b) authorizes a district court to dismiss an action for failure to obey a court order, typically upon motion of the defendant. *See Moon v. Newsome*, 863 F.2d 835, 838 (11th Cir. 1989) (citing cases). Rule 41.1 of the Local Rules of the Northern District of Florida also authorizes the court to impose sanctions, up to and including dismissal, for failure to comply with a rule or court order. Thus, because Petitioner has failed to comply with Court orders necessary for the continuation of this case, the petition should be dismissed without prejudice.

Accordingly, it is respectfully RECOMMENDED:

1. Petitioner's petition under 28 U.S.C. § 2241 be **DISMISSED** without prejudice.

2. The clerk be directed to close the case file.

Done on October 24, 2023.

s/ *Midori A. Lowry*
Midori A. Lowry
United States Magistrate Judge

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.